1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     BRUCE DOYLE,                              Case No. 19-cv-05678   (TSH)

8                   Plaintiff,

9          v.                                   **ORDER RE: ADMINISTRATIVE**
                                                **MOTIONS TO FILE UNDER SEAL**
10    GALDERMA, INC.,                           Re: Dkt. Nos. 25, 27, 28, 30, 31

11                 Defendant.

12

13         Before the Court are two Administrative Motions to File Under Seal pursuant to Local

14   Rules 79-5 and 7-11:

15         (1) Defendant Galderma Laboratories, L.P.'s ("Galderma") February 4, 2021

16   Administrative Motion to File Under Seal ("Galderma's Motion to Seal"), ECF No. 25, documents

17   that it filed in connection with its pending Motion for Summary Judgment, or, in the Alternative,

18   Partial Summary Adjudication ("Summary Judgment Motion"), ECF No. 26; and

19         (2) Plaintiff Bruce Doyle's February 18, 2021 Administrative Motion to File Under Seal

20   ("Doyle's Motion to Seal"), ECF No. 28, which is actually a motion to permit Doyle to file

21   documents *not* under seal in order to support his Opposition to Galderma's Summary Judgment

22   Motion, ECF No. 29.

23         **A.     Galderma's Motion to Seal**

24         In Galderma's Motion to Seal, it seeks to file under seal materials it believes contain

25   private information of non-parties and its own confidential and proprietary business information.

26         **i. Flores Declaration**

27         Galderma asserts that Exhibits C, G, and H to the Declaration of Edith Flores filed in

28   support of Defendant's Motion For Summary Judgment ("Flores Declaration"), ECF No. 26,

*United States District Court*
*Northern District of California*

1  contain private performance-management and personnel records of third parties who are not

2  participants in this lawsuit and that Exhibits C, D, and F to the Declaration of Ken Curley filed in

3  support of Defendant's Motion For Summary Judgment ("Curley Declaration"), ECF No. 26,

4  contains Galderma's confidential and proprietary business information.

5  　　　With respect to the Flores Declaration, Galderma asserts that Exhibits C, G, and H contain

6  private performance-management and personnel records of third parties who are not participants in

7  this lawsuit.  Though much discussion of privacy rights of nonparties centers around discovery

8  disputes, the California Constitution expressly grants Californians a right of privacy.  Cal. Const.,

9  art. I, § 1.  "Protection of informational privacy is the provision's central concern."  *Board of*

10  *Registered Nursing v. Superior Court of Orange County*, 59 Cal. App. 5th 1011, 1039, *review*

11  *denied* April 21, 2021.

12  　　　Exhibit C to the Flores Declaration is a Performance Improvement Plan detailing

13  performance shortcomings and criticism of a Galderma employee who is not a party to this

14  lawsuit.  Upon examination of this exhibit, it contains information which, if known about the

15  employee, could harm him as it may reflect badly on him for future employment.  This document

16  could not be easily redacted, as it contains information, including dates and locations of work-

17  related activities, throughout it that could serve to identify him.  *Contrast Foltz v. State Farm Mut.*

18  *Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) ("Simply redacting the identifying information

19  of third parties ... and disclosing the remaining information would not injure third parties but

20  would reveal only [the defendant's] actions in processing personal injury claims.").  The

21  constitutionally-protected privacy interests of this employee present compelling reasons to justify

22  a sealing order.  The Court thus finds that the public's interest in accessing this document is

23  outweighed by the privacy interests of the third-party employee.  Accordingly, Galderma's Motion

24  to Seal is **GRANTED** with respect to Exhibit C.

25  　　　Exhibits G and H are Separation Letters discussing the termination of former Galderma

26  employees who are not parties to this lawsuit.  As in *Foltz*, "We do not see how the presence of a

27  small number of third-party . . . personnel records that can be redacted with minimal effort

28  constitutes 'good cause,' let alone a compelling reason, for this protective order to overcome the

2

strong presumption in favor of public access." *Foltz*, 331 F.3d at 1137.  These documents have already been partially redacted to remove some personally identifiable information and can easily be further redacted.  Accordingly, Galderma's Motion to Seal is **DENIED** with respect to Exhibits G and H.  Galderma is **ORDERED** to **REDACT** the names, dates of separation, and end dates of insurance coverage contained in Exhibits G and H and to file the redacted versions in the public record no later than April 28, 2021.

### ii. Curley Declaration

With respect to the Curley Declaration, Galderma asserts that Exhibits C, D, and F contain Galderma's confidential and proprietary business information, including confidential, proprietary, and strategic budgeting, sales, and marketing information.  Galderma argues that "Potential wrongdoers who view this information would have unfair access to Galderma's protected, trade secret information.  Production of this trade secret information, would be detrimental to Defendant."  Galderma's Motion to Seal, pp. 4-5.

Exhibit C to the Curley Declaration is a January 2019 email discussing Galderma's regional extended selling budgets and allocation thereof.  Exhibit D is a December 2018 email discussing Galderma's regional sales and marketing programming allocations.  Exhibit F is an April 2019 report detailing the confidential sales targets and sales results for all sales professionals in Galderma's prescription business sales organization for the first quarter of 2019.  Galderma claims these contain confidential, proprietary and strategic information about sales and marketing related to Galderma's prescription business sales organization.  The Court agrees.  Galderma's motion to seal is **GRANTED** as to Exhibits C, D and F.

### B.     Doyle's Motion to Seal

In his Motion to Seal, Doyle requests the Court to order that certain documents may be filed in the public record.  Doyle contends the following documents should not be filed under seal: Exhibits 1 and 2 to the Declaration of Ian Doyle In Support of Doyle's Opposition to Galderma's Motion for Summary Judgment ("Doyle Declaration"), and Exhibits 1-7 to the Declaration of Counsel Robert Wallace In Support of Doyle's Opposition to Galderma's Motion for Summary Judgment ("Wallace Declaration").

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The crux of Doyle's argument is that if the personally identifying information in these

2    documents is not made public it will hamper his ability to prove his claims of age discrimination.

3    He appears to be under the misapprehension that filing a document under seal means the evidence

4    won't be considered by the Court in ruling on the Summary Judgment Motion.  This, of course, is

5    untrue.  He also argues that sealing these documents would "defeat[] the purpose of providing

6    public access to civil rights actions such as this."  Doyle's Motion to Seal, p. 4.  The Court agrees

7    as to some of these documents and disagrees as to others.

8    **i.    Doyle Declaration**

9    Exhibits 1 and 2 to the Doyle Declaration consist, respectively, of "a chronological

10   sampling of some of the awards, raises, and bonuses I received during the course of [Doyle's]

11   career" (Doyle Decl., ¶ 2) and Doyle's 2018 Performance Review.  Doyle himself requests that his

12   own documents be filed publicly and Galderma does not object.  Accordingly, Doyle's Motion is

13   **GRANTED** with respect to Exhibits 1 and 2.  Doyle is **ORDERED** to file these documents in the

14   public record no later than April 28, 2021.

15   **ii.    Wallace Declaration**

16   Galderma objects to the public filing of Exhibits 1-4 to the Wallace Declaration because

17   they contain Galderma's confidential and proprietary business information and to the public filing

18   of Exhibits 5-7 because they contain the full birthdates of third parties.  The Court agrees on both

19   counts.  The Court **ORDERS** that these Exhibits remain under seal and **ORDERS** Doyle to file

20   public versions of Exhibits 5-7 by April 28, 2021, with the month and date of an individual's

21   birthdate redacted.

22   **IT IS SO ORDERED.**

23

24

25   Dated: April 27, 2021

26   _____
     THOMAS S. HIXSON
27   United States Magistrate Judge

28

4